■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES WILLIAMS, Appellant.— Determination of this appeal withheld and case remitted to Erie County Court for a hearing and determination in accordance with memorandum. Memorandum: The defendant signed three inculpatory statements; the first statement was received in evidence without objection, but the second and third statement were received over the objections of counsel. The court submitted the issue of voluntariness of all three statements to the jury. For these reasons the matter must be remitted to Erie County Court for a hearing and determination of the question of the voluntariness of each statement in accordance with the procedures outlined in *People* v. *Huntley* (15 N Y 2d 72). If the defendant is so advised, he shall have the right to raise the issue as to whether or not any of such statements were made after an information had been filed and therefore might be inadmissible. (Cf. *People* v. *Bodie*, 16 N Y 2d 275; *People* v. *Santmyer*, 20 A D 2d 960.) (Appeal from judgment of Erie County Court convicting defendant of manslaughter, second degree, and violation of subdivision 4 of section 1897 of the Penal Law.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LELAND V. BAKER, Appellant.— Judgment unanimously reversed and new trial granted. Memorandum: Appellant has been convicted following a jury trial of burglary, third degree and petit larceny. One of the factual issues litigated at the trial was whether defendant had broken into a house or was found therein after having unlawfully entered. Defendant made certain oral admissions to a police officer. Following a pretrial hearing the court held that certain statements so made were involuntary and not admissible at the trial. Other oral statements, however, were held to have been voluntarily made and admissible. These were clearly inculpatory on the issue of unlawful entry although they may have been exculpatory on the issue as to whether or not defendant broke into the house. The trial court, however, failed to submit to the jury the issue of voluntariness of these oral admissions. This was error that requires a new trial. (*People* v. *Huntley*, 15 N Y 2d 72, 78; *People* v. *Stewart*, 25 A D 2d 483). (Appeal from judgment of Erie County Court convicting defendant of burglary, third degree, and petit larceny.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ ADELINE NASAL, Individually and as Guardian ad Litem of RICHARD DEREN, an Infant, Respondent, v. ANTONIO OLIVIERI, Appellant.— Order unanimously affirmed, with costs. The new trial is granted on the question of damages only. (Appeal from order of Erie Trial Term granting motion to set aside verdict for infant plaintiff unless counsel stipulate to increase verdict.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.